# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| LESTER GAMBLE, | ) | |
| | ) | |
| Plaintiff, | ) | 2:08-cv-0062-PMP-PAL |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| STATE OF NEVADA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

On January 14, 2008, the Court received plaintiff's *pro se* civil rights complaint and application to proceed *in forma pauperis*. By order filed January 28, 2008, the Court granted plaintiff's *in forma pauperis* application and imposed an initial partial filing fee of $1.33, pursuant to 28 U.S.C. § 1915. (Docket #2). On March 4, 2008, plaintiff filed a "motion for costs and fees." (Docket #3). In his motion, plaintiff informs the Court that he has no funds in his prison account and therefore cannot pay the initial partial filing fee. (*Id.*).

The *in forma pauperis* statute clearly states that an initial partial filing fee shall be imposed "when funds exist" in the inmate's prison trust account. 28 U.S.C. § 1915(b)(1). As plaintiff has no existing funds, no initial partial filing fee shall be imposed. The entire $350 filing fee will, however, remain due from plaintiff, and the institution where plaintiff is incarcerated will collect money toward the payment of the full filing fee when plaintiff's prison trust account has a

sufficient balance, pursuant to 28 U.S.C. §1915(b)(1)(2).  The entire $350 filing fee will remain due and payable, and will be collected from plaintiff's institutional account regardless of the outcome of this action.

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  *Pro se* pleadings, however, must be liberally construed.  *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1988).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins,* 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prisoner Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.

Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.  *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).  In making this determination, the Court takes as true all allegations of material fact stated in

1  the complaint, and the Court construes them in the light most favorable to the plaintiff. *See*
2  *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations in a *pro se* complaint are
3  held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449
4  U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*).

5  All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if
6  the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on
7  legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or
8  claims of infringement of a legal interest which clearly does not exist), as well as claims based on
9  fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S.
10 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

11 In the instant complaint, plaintiff brings action for money damages against the
12 following Nevada state court judges and justices: District Judge Bell, District Judge Bonaventure,
13 Supreme Court Justice Parraguirre, Supreme Court Justice Hardesty, and Supreme Court Justice
14 Saitta. Plaintiff alleges that he has been denied due process and equal protection. "Plaintiff believes
15 that the cause of the actions of the Judges is plaintiff is black, indigent, and has a criminal record."
16 (Complaint, at p. 4). Other than this general statement, plaintiff does not allege that any of the
17 defendants illegally discriminated against him.

18 Plaintiff alleges that Judges Bell and Bonaventure sentenced him to prison, and that
19 Justices Parraguirre, Hardesty, and Saitta affirmed his convictions and sentences. Judges are
20 absolutely immune from damages actions for judicial acts taken within the jurisdiction of their
21 courts. *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988); *Imbler v. Pachtman*, 424 U.S.
22 409, 418 (1976). Plaintiff seeks to bring action against the defendant-judges based on their rulings
23 made in their judicial capacity, within the jurisdiction of their respective courts. As such, defendants
24 are immune from suit and this action must be dismissed.

25 **IT IS THEREFORE ORDERED** that plaintiff's "motion for costs and fees" is
26 **GRANTED.** Inasmuch as plaintiff has no existing funds in his prison account, no initial partial

1 filing fee shall be imposed.  The entire $350 filing fee will remain due and payable.

2 **IT IS FURTHER ORDERED** that this action is **DISMISSED WITH**

3 **PREJUDICE**.  The Clerk shall enter judgment accordingly.

5 DATED:  April 11, 2008.

_____
PHILIP M. PRO
United States District Judge